**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CHANDA ROEUN, | § | |
| | § | |
|    *Petitioner-Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-03361-E |
| | § | |
| WARDEN of the Prairieland Detention Center; | § | |
| JOSHUA JOHNSON, Acting Dallas Field | § | |
| Office Director of ICE; TODD LYONS, | § | |
| Acting Director of U.S. Immigration and | § | |
| Customs Enforcement; KRISTI NOEM, | § | |
| Secretary of the U.S. Department of Homeland | § | |
| Security; and PAMELA BONDI, Attorney | § | |
| General of the United States, | § | |
| | § | |
|    *Respondent-Defendants*. | § | |

## ORDER

Before the Court is Petitioner-Plaintiff Roeun's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, which seeks injunctive relief under 28 U.S.C. § 2241. (ECF No. 1 at 5). Roeun has filed a corresponding Emergency Motion and Memorandum in Support for Temporary Restraining Order and Preliminary Injunction, which provides:

> For the reasons set forth below, Roeun requests that Respondents immediately release him from custody pursuant to Federal Rule of Civil Procedure 65(b). As demonstrated here and in the accompanying Petition for Writ of Habeas Corpus, Petitioner's circumstances warrant the requested relief due to his substantial liberty interest under the Fourth, Fifth, and Fourteenth Amendments, and ICE's violations of 8 U.S.C. § 1231(a), 5 U.S.C. § 706(2), 8 C.F.R. § 241.13(i)(2)-(3), and the Accardi doctrine. Both the balance of the equities and the public interest concerning the provisional relief sought by Petitioner tilt sharply in his favor.
>
> *Accordingly, Roeun, through undersigned counsel, hereby files this motion for a temporary restraining order ("TRO") and preliminary injunction to enjoin his continued detention, and prevent subsequent re-arrest unless and until Roeun is afforded notice and a hearing before a neutral decisionmaker on the question of*

> *whether his release should be revoked, and from removing him to any third country without first providing constitutionally compliant procedures.*

(ECF No. 2 at 6) (emphasis added). The Court, (i) as a part of its inherent docket control powers[1] and (ii) to ensure the prompt consideration of Petitioner-Plaintiff Roeun's requested relief, enters the following orders.

**IT IS ORDERED THAT:**

1. **Respondent-Defendants**—WARDEN of the Prairieland Detention Center; JOSHUA JOHNSON, Acting Dallas Field Office Director of ICE; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States—**or any officer, agent, servant, employee, attorney, or representative acting on behalf of Respondents-Defendants SHALL NOT take any further action or steps to physically deport or remove Petitioner CHANDA ROEUN from the United States to another country, territory, or foreign territory, or to circumvent the provisions of this Order until JANUARY 9, 2026, when the Court anticipates ruling on the pending Emergency Application for Temporary Restraining Order and the underlying Petition.**

2. **Although Respondent-Defendants shall not physically remove Petitioner CHANDA ROEUN from the United States, Respondent-Defendants may otherwise pursue his removal—including but not limited to requesting travel documents**

3. Respondents-Defendants shall file a notice of appearance in this action by **DECEMBER 12, 2025**;

---

[1] The Fifth Circuit has further recognized the Court's inherent power "to control its own "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *In re Beebe*, 56 F.3d 1384 (5th Cir. 1995).

4. Pursuant to Federal Rule of Civil Procedure 65(b)(1), by **DECEMBER 19, 2025**, Petitioner-Plaintiff must file a supplement to his TRO that (i) clearly shows the immediate and irreparable injury, loss, or damage will result before Respondents-Defendants can be heard in opposition; and (ii) includes a written certification from counsel of any efforts made to give notice to Respondents-Defendants and the reasons why such notice should not be required; and

5. Counsel for Petitioner-Plaintiff is **DIRECTED** to notify the United States Attorney for the Northern District of Texas of his lawsuit and of this Order. Further, Petitioner-Plaintiff shall file a notice on the docket of this case explaining how he complied with providing notice.

**SO ORDERED.**

8th day of December, 2025.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE